# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH ANTHONY McKINLEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-10-886-D |
| ) | |
| TROY WALL, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Joseph Anthony McKinley, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Currently pending before the Court is Defendant's Motion to Dismiss [Doc. #15] to which Plaintiff has responded. *See* Plaintiff's Response to Defendant's Motion [Doc. #24] (Response). It is recommended that Defendant's Motion be granted and that the action be dismissed with prejudice.

## I.     Background Facts/Plaintiff's Claims

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections (ODOC). He is currently incarcerated at Mack Alford Correctional Center, Stringtown, Oklahoma, pursuant to a conviction and sentence for Trafficking in Illegal Drugs entered against him in Case No. CF-2004-357, District Court of Canadian County, State of Oklahoma.

In this action, Plaintiff challenges a traffic stop on July 8, 2004, which led to his arrest and the subsequent conviction for Trafficking in Illegal Drugs. In Counts One through Three, Plaintiff claims a violation of his Fourth Amendment rights, contending Defendant conducted an illegal search and unlawful detention in the course of the July 8, 2004, traffic stop. In Count Four, Plaintiff claims his Fourth, Fifth and Fourteenth Amendment rights were violated based on Defendant's alleged racial profiling, resulting in the same July 8, 2004, traffic stop.

Plaintiff names a single defendant, Troy Wall, an employee of the Oklahoma Bureau of Narcotics. Wall is the officer who conducted the July 8, 2004 traffic stop.

As relief, Plaintiff seeks compensatory, consequential and punitive damages.

## II. Analysis

### A. Eleventh Amendment Immunity

Defendant first seeks dismissal of claims for money damages brought against him in his official capacity. To the extent Plaintiff brings claims seeking damages against Defendant Wall in his official capacity, those claims should be dismissed.

The Eleventh Amendment to the United States Constitution provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State. . . ." U.S. Const. amend. XI. A State's immunity from suits brought in federal court extends to suits brought by the State's own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974). Further, the Eleventh Amendment also precludes not only actions in which the State

is directly named as a party, but also actions brought against a state agency or state officer where the action is essentially one for recovery of money from the state treasury. *Id*. at 677 (barring any "retroactive award which requires the payment of funds from the state treasury" and limiting the federal courts to providing only "prospective injunctive relief" against state officials sued in their official capacity).

Defendant Wall is an employee of the Oklahoma Bureau of Narcotics, an agency of the State of Oklahoma. The State of Oklahoma has not waived the defense of sovereign immunity as to claims brought pursuant to § 1983. *See Callahan v. Poppell*, 471 F.3d 1155, 1158-1159 (10th Cir. 2006). Therefore, to the extent Plaintiff brings § 1983 claims for monetary damages against Defendant Wall in his official capacity, those claims are barred by the Eleventh Amendment.

### B. Untimeliness of Plaintiff's Claims

#### 1. Counts One through Three – Illegal Search/Unlawful Detention

A § 1983 claim arising in Oklahoma is subject to a two-year statute of limitations. *Meade v. Grubbs*, 841 F.2d 1512, 1524 (10th Cir. 1988); Okla. Stat. tit. 12, § 95(3). Here, Plaintiff brings a § 1983 claim for false arrest/false imprisonment alleging a violation of his Fourth Amendment rights. In *Wallace v. Kato*, 549 U.S. 384 (2007), the United States Supreme Court "explained that the tort of false arrest/false imprisonment arises out of detention without legal process . . . ." *Young v. Davis*, 554 F.3d 1254, 1257 (10th Cir. 2009)

3

(*citing Wallace*, 549 U.S. at 389-390). A false arrest claim accrues, therefore, on the date legal process is instituted. *Id*.[1]

The record establishes that on March 30, 2005, the state district court conducted a preliminary hearing and determined probable cause existed sufficient to support the trafficking charge. *See* Motion to Dismiss, Exhibit 1 at 4, State Court Docket, Case No. CF-2004-357, District Court of Canadian County, State of Oklahoma. Thus, Plaintiff became held pursuant to legal process and his claim for false arrest accrued on that date. *See Young*, 554 F.3d at 1257 (finding that judicial determination of probable cause constituted "the initiation of legal process" in accordance with *Wallace* and statute of limitations on false arrest claim commenced on that date). Accordingly, Plaintiff had until March 30, 2007, within which to file his § 1983 claim for false arrest. Because Plaintiff did not file this § 1983 action until August 13, 2010, more than three years after expiration of the limitations period, his claims are untimely.

---

[1]The *Wallace* Court distinguished a false arrest claim from a malicious prosecution claim. A malicious prosecution claim arises out of detention after the wrongful institution of legal process. *Wallace*, 549 U.S. at 389-390. Thus, "a false imprisonment ends once the victim becomes held *pursuant to such [legal] process* – when, for example, he is bound over by a magistrate or arraigned on charges." *Id*. at 389 (emphasis in original, citation omitted). Plaintiff does not bring a malicious prosecution claim. His allegations relate solely to the incidents surrounding the arrest which, he alleges, amounted to detention without legal process.

## 2. Count Four – Racial Profiling

Plaintiff also brings a claim alleging Defendant Wall violated his Fourth, Fifth and Fourteenth Amendment Rights because racial profiling was the motivating factor behind the traffic stop on July 8, 2004. This claim is also subject to Oklahoma's two-year limitations period. Plaintiff's claim based on allegations of racial profiling accrued on the date of the traffic stop. *See Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 558 (10th Cir. 1999) ("Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur."). Although a plaintiff can rebut the presumption that such claims accrue on the date the action occurs, *see id.*, Plaintiff has provided no such rebuttal information to demonstrate his claim accrued at a later time. Thus, Plaintiff's racial profiling claim should be dismissed with prejudice as untimely. *See Anderson v. Keeling*, 71 Fed. Appx. 28, 29-30 (10th Cir. July 23, 2003) (unpublished op.) (affirming district court's dismissal of racial profiling claim, which accrued on date of traffic stop, as untimely).

## 3. Equitable Tolling

Plaintiff, in responding to Defendant's Motion, appears to assert a right to equitable tolling of the limitations period. He claims he did not know of the violation of his constitutional rights until "after incarceration" based on "research available as pro se litigant." *See* Response at 12.

In a § 1983 action, state law governs the application of equitable tolling. *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004). Oklahoma law permits equitable tolling

under limited circumstances – (1) a legal disability exists, *i.e.*, a plaintiff's competency is impaired or a plaintiff has not yet reached the age of majority; (2) the defendants engaged in false, fraudulent or misleading conduct to lull the plaintiff into sitting on his rights; or (3) other exceptional circumstances exist. *Young*, 554 F.3d at 1258 (*citing Alexander*, 382 F.3d at 1217, 1219). Plaintiff's allegations in support of equitable tolling do not fit within these circumstances. *See Young*, 554 F.3d at 1258 (rejecting plaintiff's request for equitable tolling on grounds that "he did not know either the elements of the crime with which he was charged or the requirements for a warrantless arrest as "nothing about these factual circumstances . . . would trigger tolling under Oklahoma law . . . ."). Accordingly, equitable tolling is not available to Plaintiff.

In sum, the claims raised in Counts One through Four are time-barred pursuant to the applicable two-year limitations period. Accordingly, Defendant's Motion to Dismiss should be granted.[2]

## **RECOMMENDATION**

It is recommended that Defendants' Motion to Dismiss [Doc. #15] be granted and that Plaintiff's action brought pursuant to 42 U.S.C. § 1983 be dismissed with prejudice. To the extent Plaintiff has alleged claims for money damages against Defendant Wall in his official capacity, those claims are barred by Eleventh Amendment immunity. Plaintiff's individual

---

[2]Because Plaintiff's claims are clearly time-barred, the Court has not addressed the other grounds for dismissal raised in Defendant's Motion based on principles of *res judicata* and *Heck v. Humphrey*, 512 U.S. 477 (1994).

capacity claims against Defendant Wall are time-barred by the applicable two-year statute of limitations period.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file objections to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by February  17th , 2011. *See* Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred in this matter and terminates the referral.

ENTERED this  27th  day of January, 2011.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE